Considered by GREEN and ARUNDELL.

---

A. W. E. CAPEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7069.   Promulgated August 12, 1927.

*Laurence Graves, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

The petitioner seeks a redetermination of his liability for income taxes for 1920, 1921, and 1922. The deficiency notice upon which this proceeding is founded states an overassessment of $485.85 for 1920, and deficiencies of $75.66 and $411.85 for 1921 and 1922, respectively.

The petitioner assigns as errors the following actions of the respondent:

1. Determining profit on liquidating dividends received in 1920 from the Francis Cotton Mills, Inc., without giving effect to amounts subsequently repaid.

2. Determining profit on liquidating dividends received in 1920 from the Capelsie Cotton Mills by using an erroneous March 1, 1913, value.

3. Overstating income received in 1920 from Troy Garment Manufacturing Company, a partnership.

4. Including in petitioner's income for 1920, 1921, and 1922, liquidating dividends on stock alleged to have been owned by his son.

5. Overstating profit realized in 1922 on sale of stock of Smitherman Cotton Mills.

6. Overstating rentals received in 1922.

### FINDINGS OF FACT.

The petitioner is an individual residing at Troy, N. C.

The petitioner owned 101 shares of the Francis Cotton Mills, Inc. During 1920 the corporation sold its assets and petitioner received a liquidating dividend. Petitioner received from the secretary-treasurer of the corporation a notice dated November 14, 1923, advising him that the liability of the corporation for income taxes had been determined to be $111,000, and that only $45,387 was on hand to pay the taxes, that it would be necessary to raise by assessment $65,505, and that petitioner's share was $5,555. Petitioner paid this amount on January 11, 1924.

The Capelsie Cotton Mills, a corporation, was organized in 1901. The petitioner was president of the corporation and owned 75 shares of its stock. He gave 15 of these shares to his son, W. C. Capel. These were transferred on the books of the corporation, and under date of April 18, 1901, two certificates, one for 10 shares of stock and one for 5 shares, were issued to W. C. Capel in his name. The petitioner was thereafter the owner of record on the books of the corporation of 60 shares of its stock.

W. C. Capel pledged his certificates of stock as security for a loan. He was unable to repay the loan, and on December 31, 1920, the petitioner paid $2,500 to take up his son's note. The petitioner received the certificates of stock and kept them in his possession. Pursuant to instructions given to the secretary-treasurer of the Capelsie Cotton Mills by the petitioner, all dividends on these 15 shares of stock were paid to petitioner.

There are no endorsements on the certificates of stock, and at no time since they were issued to W. C. Capel have these shares been canceled or transferred to any other person on the books of the corporation.

The 15 shares of stock were the property of W. C. Capel, and the liquidating dividends thereon were paid to him by petitioner.

### OPINION.

STERNHAGEN: The Commissioner has determined an overassessment of $485.85 for 1920. There is nothing in the record showing that the overassessment arises from the respondent's action on any claim for abatement, and the Board has no jurisdiction for that year. *Cornelius Cotton Mills.* 4 B. T. A. 255; *E. F. Cremin,* 5 B. T. A.

1164. This disposes of the first, second and third assignments of error and that portion of the fourth which relates to 1920.

The fourth issue involves the propriety of including within petitioner's income the liquidating dividends on the 15 shares of stock owned by his son, W. C. Capel. The respondent determined that the petitioner was the owner of 75 shares, and included in income liquidating dividends received thereon in determining the petitioner's tax liability. The evidence is, in our opinion, sufficiently clear that petitioner owned only 60 shares and had only the possession of the 15 shares without ownership. He received the liquidation distribution as to such 15 shares on behalf of his son, and the amount was not his income. Upon this point the respondent is reversed. See *Ball-Thrash & Co.* v. *McCormick*, 162 N. C. 471; 78 S. E. 303; *Journal Publishing Co.* v. *Barber*, 165 N. C. 478; 81 S. E. 694.

No evidence was introduced in support of the fifth assignment of error, and the respondent is sustained.

The sixth assignment of error is that the respondent overstated rentals received by petitioner. The only evidence offered on the issue thus raised was the testimony of an accountant who had prepared from the petitioner's pass book a statement purporting to show rentals and expenses incurred in connection therewith. This statement included all items which were indicated on the book as being for rents and those which examination led him to believe were rental items. It was developed on cross-examination that cash items which did not go through the bank would not be reflected in the statement prepared by the accountant. No competent evidence of the actual facts with regard to receipts from rentals was introduced. On this issue the respondent is sustained.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*

Considered by GREEN and ARUNDELL.